FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

FILED 2009 JAN 12 PM 12:42

2009 JAN 12 A 11:05

LORETTA G. WHYTE
CLERK

CIVIL DISTRICT COURT

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **HENRY HERRERA** | * | **CASE NO: 09-0100** |
| | * | |
| VS. | * | JUDGE **SECT. S MAG. 1** |
| | * | |
| **STATE FARM FIRE AND** | * | |
| **CASUALTY COMPANY** | * | MAGISTRATE |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

Defendant, State Farm Fire and Casualty Company (hereinafter "State Farm"), files this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, and hereby removes this matter from the Civil District Court for the Parish of Orleans, State of Louisiana, to the docket of this Honorable Court for the reasons set forth below.

1.

On December 8, 2008, Henry Herrera filed a Petition for Damages against State Farm in the Civil District Court for the Parish of Orleans, State of Louisiana, bearing Case No. 2007-9370, Div."J-13", and entitled "Henry Herrera vs. State Farm Fire and Casualty Company."

(*See* Plaintiff's Original Petition attached hereto and marked for identification as Exhibit A).

2.

The suit seeks insurance coverage, damages and penalties from State Farm for its alleged failure to provide coverage and payment for certain claims made under Plaintiff's Homeowner's insurance policy in connection with Hurricane Katrina and further seeks damages, penalties and attorney's fees from the defendant State Farm.

Plaintiff additionally sues for intentional infliction of emotional distress and seeks damages in addition to those allegedly due under the cited policy for loss of use of property, loss of enjoyment of property, diminution in value of the property, and mental anguish among other claimed damages.

3.

State Farm removes this action from the Civil District Court for the Parish of Orleans, State of Louisiana, to the United States District Court for the Eastern District of Louisiana, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, *et seq.*

## I. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.

4.

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States."

### A. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.

5.

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000, "in either of two

ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995)).

6.

Plaintiff does not plead, and Louisiana law does not allow a plaintiff to plead, a specific amount of damages. However, for purposes of this removal, it is apparent from the face of the Petition (Exhibit A), as well as the Affidavit of Joshua Jordan, Exhibit B, that the amount in controversy exceeds seventy-five thousand and no/100 ($75,000.00) dollars, exclusive of interest and costs. The coverage limits on Plaintiffs' homeowner's policy are $133,226.00 for the dwelling, $13,323.00 for dwelling extension, $99,920.00 for contents, and "actual" losses for ALE. State Farm has paid Plaintiff $26,738.13 under Coverage A; $500.00; Coverage B contents loss; and $1,155.00 Prohibited Use. Thus, the amount allegedly at issue under the policy itself is in excess of $219,230.87 plus any additional coverage the insured proves he is entitled to. Moreover, Plaintiff seeks unspecified damages for property damage, damage to contents, additional living expenses, loss of rents, loss of use, mental anguish, anxiety and inconvenience in addition to penalties and attorney's fees, above noted. (Petition Paragraphs IV and V).

7.

The limits of insurance are properly considered in determining the amount in controversy. *Albarado v. State Farm Mut. Auto. Ins Co.*, No. 91-2036, 1991 WL 165733, at *1 (E.D. La. Aug. 20, 1991)(policy limits plus statutory penalties are properly considered when determining if jurisdictional amount is met). *St. Paul Reinsurance*, 134 F.3d at 1253 (noting that attorney's fees

and penalties are included in determining jurisdictional amount when party could be liable for same under state law).

8.

Plaintiff's Petition for Damages does not offer a binding stipulation that Plaintiff will not seek to enforce any judgment that may be awarded in excess of $75,000.00, as would be required pursuant to *Davis v. State Farm*, No. 06-560, slip op. (E.D. La. June 7, 2006).

9.

While State Farm admits no liability nor any element of damages, State Farm has met its burden of showing that the amount in controversy is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

### B. **COMPLETE DIVERSITY EXISTS ONCE THE IMPROPERLY JOINED DEFENDANT IS REMOVED.**

10.

While the Plaintiff does not state his domicile, he presents with a claim for property located at 7526 Briarheath Drive, New Orleans, Louisiana, 70128. State Farm issued a homeowner's policy to Plaintiff, numbered 18-C5-0308-7, for this insured location.

11.

State Farm is a foreign insurer duly organized under the laws of the State of Illinois and having its principal place of business in the State of Illinois. (Exhibit C)

12.

This is a civil action over which the United States District Court for the Eastern District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy, evidenced by the Petition for Damages, exceeds SEVENTY-

FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs. Complete diversity exists between all adverse parties.

## II. STATE FARM HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

13.

State Farm was served with the Petition for Damages through its agent for service of process, the Louisiana Secretary of State, on December 15, 2008.

14.

This Notice of Removal was filed within thirty (30) days after first receipt by State Farm of a copy of the initial pleading setting forth the claim or relief upon which this action is based, and is therefore timely under 28 U.S.C. § 1446(b).

15.

Defendant, State Farm, first received notice of filing of the Petition on December 17, 2008, when it was served with the lawsuit.

16.

Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332, which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between citizens of different States.

17.

The Civil District Court for the Parish of Orleans, State of Louisiana, is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in

accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

18.

No previous application has been made by State Farm for the relief requested herein.

19.

Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition is attached hereto as Exhibit A. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Henry Herrera, and a copy is being filed with the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana.

**WHEREFORE**, defendant, State Farm Fire and Casualty Company, hereby removes this action from the Civil District Court for the Parish of Orleans, State of Louisiana, to the docket of the United States District Court for the Eastern District of Louisiana.

Respectfully submitted:

**HAILEY, McNAMARA, HALL, LARMANN & PAPALE, L.L.P.**

BY: _____
DAVID K. PERSONS, #2046 – T.A.
E-Mail: dpersons@hmhlp.com
**KATIE M. CUSIMANO, # 28545
DANIEL R. HYNES, #07142**
One Galleria Boulevard, Suite 1400
Metairie, Louisiana  70001
Telephone:  (504) 836-6500
Facsimile:  (504) 836-6565
Co-Counsel for Defendant,
*State Farm Fire & Casualty Company*

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this  12th  day of January, 2009, served a copy of the foregoing pleading on counsel for all parties to this proceeding by: mailing same by United States mail, properly addressed and first class postage prepaid; facsimile transmittal; hand delivery; or overnight delivery.

_____